| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------- X
:
YOSEPH BODRICK EL-BEY, :
:
                         Plaintiff, : **MEMORANDUM**
: **DECISION AND ORDER**
                 - against - :
: 17-cv-271 (BMC)
ABRAHAM CLOTT, :
:
                        Defendants. :
------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this *pro se* action against Abraham Clott, a New York City Criminal Court Judge in Manhattan,[1] and invokes the Court's federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Along with the complaint, plaintiff has filed an order to show cause seeking a temporary restraining order. Plaintiff has paid the requisite filing fee to initiate the action. For the reasons stated below, plaintiff's complaint is dismissed for lack of subject matter jurisdiction, and his request for a temporary restraining order is denied as moot.

## FACTS

The following facts are drawn from plaintiff's pleading and the exhibits attached thereto, the allegations of which are assumed to be true for purposes of this memorandum and order. Plaintiff's son, Santino Boderick ("Santino"), was convicted following a jury trial before defendant Judge Abraham Clott. Santino is due to be sentenced on January 18, 2017.[2] Although unclear, plaintiff appears to allege that defendant Clott did not have the authority to preside over his son's trial. On his son's behalf as "Lawful Moor Consul," he seeks to have this Court enjoin

---

[1] Having reviewed the merits of plaintiff's underlying claim, the Court declines to transfer venue. See 28 U.S.C. § 1404(a).

[2] See https://iapps.courts.state.ny.us/webcrim (Last visited January 18, 2017).

the state court proceedings, order the immediate release of his son, and award monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Matson v. Bd. of Educ., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); see also Hawkins-El III v. AIG Federal Savings Bank, 334 F. App'x 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of a frivolous complaint though the fee was paid).

## DISCUSSION

In order to bring suit in a federal court, a plaintiff must establish that he has standing to pursue his claims under Article III of the United States Constitution. E.M. v. N.Y.C. Dep't of Educ., 758 F.3d 442, 449 (2d Cir. 2014). "To establish that a case or controversy exists so as to

confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an injury in fact, (b) that injury must be fairly traceable to the challenged action, and (c) the injury must be likely to be redressed by a favorable decision of the federal court." Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin., 710 F.3d 71, 79 (2d Cir. 2013) (internal quotation marks omitted); see also Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013) ("[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm.").

To have standing to assert a constitutional claim, a plaintiff must show that he was personally deprived of rights or privileges guaranteed by the Constitution. See, e.g., Collins v. W. Hartford Police Dep't, 324 F. App'x 137, 139 (2d Cir. 2009). Here, to the extent that any constitutional deprivation allegedly occurred, the injury would have been to plaintiff's son, not to the plaintiff himself. Accordingly, plaintiff fails to allege any facts to show that he personally suffered a constitutional injury and that he has standing to bring this suit.[3] See, e.g., Collins, 324 F. App'x at 139 (finding that plaintiff has no standing to challenge constitutional deprivations alleged to have been experienced by his mother and had not adequately alleged that he personally had suffered a constitutional injury); Guichardo v. Hanson, No. 15 CV 0585, 2015 WL 6866308, at *3 (E.D.N.Y. Nov. 6, 2015) (grandmother, grandfather, and mother lacked standing where the complaint related to the harm allegedly suffered by their adult son).

---

[3] Even if plaintiff had standing, the Court is nonetheless without jurisdiction over plaintiff's claims for injunctive relief under the abstention doctrine set out by the Supreme Court in Younger v. Harris, 401 U.S. 37, 43-45 (1971). In Younger, the Supreme Court held that federal courts should abstain from granting injunctive relief against a state criminal prosecution instituted in good faith unless certain exceptions are met. 401 U.S. at 43-44. And the Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995) (holding that Younger applies to claims for injunctive and declaratory relief); Koltun v. Berry, No. 13 CV 1612, 2013 WL 3816603, at *5 (S.D.N.Y. July 19, 2013). Here, plaintiff seeks to have the Court intervene in an ongoing state criminal action, which the Court cannot do absent a showing of extraordinary circumstances, of which there has been none. Graham v. Crim. Ct. of the City of N.Y., No. 15 CV 00337, 2015 WL 427981, at *2-3 (E.D.N.Y. Feb. 2, 2015).

3

The Court further notes that to the extent plaintiff is attempting to represent his son in this action as if an attorney (given his references to his role as his son's "Lawful Moor Consul"), he may not do so. See Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (a *pro se* litigant, who is not a licensed attorney, may not represent another's interest in federal court); Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005) ("a parent not admitted to the bar cannot bring an action *pro se* . . . on behalf of his or her child.").

Further still, this action is baseless given well-settled precedent that judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9,11 (1991); Dupree v. Bivona, No. 07-4599-cv, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009); Colson v. N.Y. Police Dep't, No. 13 CV 5394, 2015 WL 64688, at *6 (E.D.N.Y. Jan. 5, 2015). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (internal quotation marks omitted); Horton v. City of New York, No. 14 CV 4279, 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); Gamez v. U.S. Dist. Ct. E. & S. Dists. of – Tyranny, N.Y., No. 11-CV-4068, 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011).

Moreover, the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) bars all claims for injunctive relief against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable." Rodriguez v. Trager, No. 10 CV 0781, 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010). Here, plaintiff takes issue with how his son's criminal trial has proceeded. Even if plaintiff had standing to bring his son's claims against Judge Clott and Judge Clott was not protected by absolute immunity, plaintiff's claims would nevertheless

4

fail because he has not alleged any facts to support a plausible claim against the Judge.  Iqbal, 556 U.S. at 678.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction due to plaintiff's lack of standing.  See Fed. R. Civ. P. 12(h)(3); Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016) (where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice).  Plaintiff's request for a temporary restraining order is denied as moot.  Although plaintiff paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                       U.S.D.J.

Dated: Brooklyn, New York
       January 19, 2017